# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| JEFFERSON AT YOUNG CIRCLE, L.P., | ) | |
| | ) | |
| | ) | 07C6161 |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO. 07 C 6161 |
| | ) | F I L E D |
| MCZ/CENTRUM FLORIDA IV | ) | Judge William T. Hart |
| OWNER, L.L.C., MCZ | ) | |
| DEVELOPMENT CORP., AND | ) | OCT 3 1 2007 |
| CENTRUM PROPERTIES, INC., | ) | OCT 31, 2007 |
| | ) | MICHAEL W. DOBBINS |
| Defendants. | ) | CLERK, U.S. DISTRICT COURT |

## PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY

Plaintiff Jefferson at Young Circle, L.P. ("Jefferson" or "Plaintiff"), by and through its undersigned counsel, hereby moves the Court to enter an Order granting Plaintiff expedited discovery in the above matter. In support of this Motion, Jefferson states as follows:

### I.
### SUMMARY OF GROUNDS FOR MOTION

1.      Despite Defendant's contractual commitment in a particular Earnout Agreement that "Jefferson will share in the Net Profits," not a single dollar of Net Profits has been remitted to Plaintiff. Now, on the heels of a string of broken promises that the "check is in the mail," Plaintiff had no alternative but to file a lawsuit seeking, among other things, a preliminary and permanent injunction against Defendants. Plaintiff requests the Court order limited expedited discovery to assist Plaintiff in preparing for the requested preliminary injunction hearing since Plaintiff would otherwise be at a distinct disadvantage because Defendants, in violation of the Earnout Agreement, have concealed the most pertinent financial information.

150108_1/(88476/195)

## II.
## FACTUAL BACKGROUND

### THE EARNOUT AGREEMENT BETWEEN THE PARTIES

2.      Plaintiff and Defendant MCZ/Centrum entered into a particular Agreement of

Sale and Purchase, dated November 2, 2004, by which Jefferson was the Seller and

MCZ/Centrum was the Purchaser of a certain apartment complex located in the City of

Hollywood, Florida, which improved real property was known at that time as Jefferson At

Young Circle ("Property"). Defendants have subsequently renamed the Property as "Regent

Park."

3.      On or about December 9, 2004, and as part of the valuable consideration for the

closing of the purchase of the Property, Plaintiff and Defendant MCZ/Centrum entered into a

particular Earnout Agreement, which is the subject of this lawsuit ("Earnout Agreement"). The

Earnout Agreement provides in pertinent part:

> At such time as Net Profits distributed to MCZ's members pursuant to the terms
> of the MCZ Operating Agreement ("Operating Agreement") equal $5,000,000,
> then MCZ shall pay to Jefferson from time to time twelve and one-half percent
> (12.5%) of all Net Profits arising thereafter. Each such payment to Jefferson
> shall be made in cash concurrently with each distribution to MCZ's members . . .
> . Notwithstanding anything herein to the contrary, 12.5% of all Net Profits in
> excess of $5,000,000 and not previously distributed to Jefferson shall be paid to
> Jefferson within forty-five (45) days following the closing date of the sale of the
> last condominium unit or other interest in the Property.

(Earnout Agreement, pp. 1-2, ¶2.)

4.      As a matter of financial accountability to Jefferson under this payment obligation,

MCZ/Centrum was required to provide particular financial information periodically to Jefferson.

The Earnout Agreement provided in pertinent part:

> MCZ shall provide quarterly sales reports of the condominium units in the
> Property sold in the form customarily prepared by MCZ for its members or as
> otherwise reasonably requested by Jefferson. Additionally, MCZ shall provide
> financial statements, operating statements, tax returns and any other financial

information reasonably requested by Jefferson and relating to the Net Profits to which Jefferson may be entitled and MCZ shall provide same within ten (10) Business Days following Jefferson's request therefor.

(Earnout Agreement p. 2, ¶4.)

### DEMAND UPON DEFENDANT

5.      On December 19, 2006, Jefferson made written demand upon MCZ/Centrum to promptly pay to Jefferson by check, all Net Profits due and owing to Jefferson and immediately provide the appropriate quarterly sales reports in accordance with the terms of the Earnout Agreement. In addition, pursuant to Paragraph 4 of the Earnout Agreement, Jefferson also made demand that MCZ/Centrum provide within ten (10) business days the following: all financial statements; all operating statements; all tax returns; and a complete and final sales report relating to MCZ/Centrum's disposition of the condominium units located on the Property.

6.      Despite these requirements, as imposed by the Earnout Agreement, and despite such demand, MCZ/Centrum has failed to make any payment of Net Profits to Jefferson.

7.      After an ultimate demand dated July 5, 2007, MCZ/Centrum provided some financial statements and tax returns for the years 2004, 2005, and 2006 to Plaintiff.  However, the provided documents were incomplete and did not include any sales reports related to the sale of the condominium units.  The incomplete documents did, however, reveal that long ago, the Property passed the point at which the amount of $5,000,000 of Net Profits had been distributed to constituent members MCZ and Centrum, and thus, the payment obligation to Jefferson had become ripe.   Indeed, MCZ/Centrum has admitted that it distributed Net Profits to MCZ and Centrum in violation of the Earnout Agreement.

150108_1/(88476/195)

## III.
## ARGUMENT AND AUTHORITIES

8.     Plaintiff hereby requests the Court allow and order expedited discovery to assist Plaintiff in preparing for the requested preliminary injunction hearing.  Specifically, Plaintiff requests that the Court permit Plaintiff to immediately serve Defendants with written discovery in the form attached as **Exhibit A** and require Defendants to serve written responses along with responsive documents within 10 business days after receipt of the requests.  Plaintiff limits its request for expedited discovery to five (5) requests for production and three (3) interrogatories. *See* Exhibit A.  Plaintiff further limits its request to include only discovery relevant to the issue to be decided at the preliminary injunction hearing. *See id.*  Without such limited discovery being conducted before the preliminary injunction hearing, Plaintiff is at a distinct disadvantage because Defendants, in violation of the Earnout Agreement, have concealed the most pertinent financial information.

## IV.
## CONCLUSION

9.     For the reasons set forth above, Plaintiff Jefferson at Young Circle, L.P., requests that the Court: (a) grant its Motion for Expedited Discovery in its entirety; (b) permit Plaintiff to immediately serve Defendants with the discovery set forth in **Exhibit A**; (c) order Defendants to respond to these discovery requests within 10 business days after receipt of the requests; and (d) allow Plaintiff any other relief to which it may be justly entitled.


Dated: October 31, 2007.

150108_1/(88476/195)

Respectfully submitted,

Martin J. Bishop, IL Bar No. 6269425
Foley & Lardner LLP
321 North Clark Street, Suite 2800
Chicago, IL 60610-4764
Telephone: 312.832.4500
Facsimile: 312.832.4700

Craig A. Albert, TX Bar No. 00790076
Sarah J. Shadonix, TX Bar No. 24056392
McElree|Savage|Smith
600 N. Pearl Street, Suite 1600
Plaza of the Americas
Dallas, Texas 75201
Telephone: 214.953.1321
Facsimile: 214.953.0695
(*pending approval of Pro Hac Vice application*)

**ATTORNEYS FOR PLAINTIFF,
JEFFERSON AT YOUNG CIRCLE, L.P.**

150108_1/(88476/195)

# Exhibit A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFERSON AT YOUNG CIRCLE, L.P., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 07 C 6161 |
| MCZ/CENTRUM FLORIDA IV OWNER, L.L.C., MCZ DEVELOPMENT CORP., AND CENTRUM PROPERTIES, INC., | ) ) ) ) ) | Judge William T. Hart |
| Defendants. | ) ) | |

## PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES IN PREPARATION FOR THE PRELIMINARY INJUNCTION HEARING

Pursuant to Federal Rule of Civil Procedure 33 and 34, Plaintiff Jefferson at Young Circle, L.P. ("Jefferson" or "Plaintiff") requests that Defendants MCZ/Centrum Florida IV Owner, L.L.C., MCZ Development Corp., and Centrum Properties, Inc. (collectively "Defendants") respond to this First Request for Production of Documents and Interrogatories within 10 business days of receipt thereof in accordance with the Court's Order allowing for expedited discovery by serving its responses on Plaintiff's counsel at McElree Savage Smith, P.C., 600 N. Pearl Street, Suite 1600, Dallas, Texas 75201-2890, along with all respective documents.

### I.
### DEFINITIONS

1.  "Jefferson" and "Plaintiff" refers to Plaintiff Jefferson at Young Circle, L.P., its predecessors and successors, and their present or past officers, directors, shareholders, partners, agents, employees, and representatives.

2.  "Defendants" refers to one or more of MCZ/Centrum Florida IV Owner, L.L.C., MCZ Development Corp., and Centrum Properties, Inc., their predecessors and successors, and

their present or past officers, directors, shareholders, agents, employees and representatives.

3.    "Earnout Agreement" shall mean the earnout agreement dated December 9, 2004 between Jefferson at Young Circle, L.P. on the one hand and MCZ/Centrum Florida IV Owner, L.L.C., on the other hand, a true and correct copy of which is attached as Exhibit A to Plaintiff's Complaint.

4.    "Property" shall mean a certain apartment complex located in the City of Hollywood, Florida, which improved real property was known at that time as Jefferson At Young Circle, and which Defendants have subsequently renamed as Regent Park.

5.    "Net Profits" shall mean net profits Defendants realized related to the Property and/or condominium sales on the Property.

6.    "Lawsuit" means this action styled and numbered *Jefferson at Young Circle, L.P. v. MCZ/Centrum Florida IV Owner, L.L.C., MCZ Development Corp., and Centrum Properties, Inc, Case No. 07 C 6161.*.

7    "Document" is defined by way of illustration only and not by way of limitation as the originals, drafts, or non-identical copies (whether different from the original by reason of notations made on each copy or otherwise) of writings of every kind whether printed or reproduced by any process, written and/or produced by hand, irrespective of whether such document meets the business records criteria set out in the Federal Rules of Evidence and namely: business records; personnel records; notes; dates; lists; customer lists; itineraries; letters; correspondence; communications of any nature; drawings; designs; telegrams; manuals; books of accounts; purchase orders; order acknowledgments; invoices; checks; money orders; credit memoranda; debit memoranda; contracts; agreements; studies; tabulations; charts; graphs; photographs; photostats; mimeographs; typewriting; paintings; graphic reproductions; film; handwriting; videotape recordings; audiotape recordings; analyses; books; articles; magazines; newspapers; booklets; circulars; bulletins; notices; instructions; letters of referral; summaries; questionnaires and surveys; memoranda; notebooks of any character; documents of any character; summaries of records of personal conversations; calendars; diaries; desk or pocket reminders; organizers; logs; routing slips or memoranda; reports; publications; minutes or records of meetings; minutes of all other communications of any type, including inter- and intra-office communications; transcripts or oral testimony or statements; reports and/or summaries of interviews; written statements; affidavits; reports and/or summaries of investigations; agreements and contracts, including all modifications and/or revisions thereof; working papers; reports and/or summaries of negotiations; court papers; brochures; pamphlets; press releases; drafts of and revisions of drafts of translations of any document; records and dictation belts; and, all tangible times. Any documents with any marks on any sheet or side thereof, including by way of illustration only and not by way of limitation, initials, stamped indicia, any comment or any notation of any character and not a part of the original text, or any reproduction thereof, is to be considered a separate document for purposes of this request. Document as defined herein

2

also specifically includes, but is not limited to, any compilation of information by magnetic, mechanical, electronic or any other means of data transmission or storage including, but not limited to, all databases, CD's, disks, hard drives, memory, tape recordings, microfilm and microfiche.

8.    "Records" means any Document as defined above.

9.    "Communication" means any form of correspondence, including but not limited to letters, memoranda, and emails.

10.   "Statement(s)" means any written or oral recitation in any Document as defined above.

11.   "Identify" with respect to a document means to provide the following information: (a) date; (b) author; (c) recipient, if any; (d) location; (e) name, address, and telephone number of the custodian of original; and (f) a detailed statement of the document's contents.

## II.
## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION 1:**    All quarterly sales reports (contemplated by the Earnout Agreement), all periodic sales reports, and a complete and final sales report relating to Defendant's disposition of the condominium units located on the Property.

**RESPONSE:**

**REQUEST FOR PRODUCTION 2:**    All financial statements, operating statements, and tax returns for Defendant MCZ/Centrum Florida IV Owner, L.L.C. since December 2004.

**RESPONSE:**

**REQUEST FOR PRODUCTION 3:**    All entity governance documents, including corporate and/or board of director meeting minutes and member meeting minutes, related to distributions of Net Profits made by Defendant MCZ/Centrum Florida IV Owner, L.L.C. from December 2004 to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION 4:**    All documents and communications written related to and/or reflecting Net Profits earned or received by Defendants, including but not limited to electronic or wire transfer confirmations, processed checks, and the authorizations for same from the management team of Defendant MCZ/Centrum Florida IV Owner, L.L.C.

**RESPONSE:**

**REQUEST FOR PRODUCTION 5:**     All     correspondence     and     other     written communications, including emails, between Plaintiff and any one or more of Defendants related to the Property, Earnout Agreement, and Net Profits.

**RESPONSE:**

## III.
## INTERROGATORIES

**INTERROGATORY 1:**     Identify each distribution of Net Profits made by Defendant MCZ/Centrum Florida IV Owner, L.L.C. to any one or more of its members, including MCZ Development Corp. and Centrum Properties, Inc., from December 2004 to the present, and as to each distribution, identify the date on which the distribution was made, the amount of the distribution, and the recipient of such distribution.

**ANSWER:**

**INTERROGATORY 2:**     Identify the detailed means by which the amount of Net Profits was calculated, including an itemization of all uses of revenue from the Property before any Net Profits were realized.

**ANSWER:**

**INTERROGATORY 3:**     Identify all the reasons you refuse to comply with the Earnout Agreement.

**ANSWER:**

Dated October 31, 2007.

Respectfully submitted,

---

Martin J. Bishop, IL Bar No. 6269425
Foley & Lardner LLP
321 North Clark Street, Suite 2800
Chicago, IL 60610-4764
Telephone: 312.832.4500
Facsimile: 312.832.4700

Craig A. Albert, TX Bar No. 00790076
Sarah J. Shadonix, TX Bar No. 24056392
McElree|Savage|Smith
600 N. Pearl Street, Suite 1600
Plaza of the Americas
Dallas, Texas 75201
Telephone: 214.953.1321
Facsimile: 214.953.0695
(*pending approval of Pro Hac Vice application*)

**ATTORNEYS FOR PLAINTIFF,
JEFFERSON AT YOUNG CIRCLE, L.P.**