UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEFFERSON AT YOUNG CIRCLE, L.P., | )<br>)<br>) |
| Plaintiff, | ) Civil Action No. 07 C 6161 |
| v. | )<br>) Judge Hart |
| MCZ/CENTRUM FLORIDA IV OWNER, L.L.C, MCZ/CENTRUM JEFFERSON, L.L.C., CENTRUM FLORIDA IV, L.L.C., and MCZ FLORIDA IV, L.L.C. | )<br>) Magistrate Judge Schenkier<br>)<br>)<br>) |
| Defendants. | ) |

**JEFFERSON AT YOUNG CIRCLE, L.P.'S
FIRST AMENDED COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF**

Now comes Plaintiff Jefferson at Young Circle, L.P. ("Jefferson" or "Plaintiff") and for causes of action against Defendants MCZ/Centrum Florida IV Owner, L.L.C., MCZ/Centrum Jefferson, L.L.C., Centrum Florida IV, L.L.C., and MCZ Florida IV, L.L.C., (collectively "Defendants"), alleges as follows:

**I.
SUMMARY OF CASE**

1.  Despite Defendant's contractual commitment in a particular Earnout Agreement that "Jefferson will share in the Net Profits," not a single dollar of Net Profits has been remitted to Plaintiff. Now, on the heels of a string of broken promises that the "check is in the mail," Plaintiff has no alternative, but to file this lawsuit seeking recovery from Defendants of its actual damages, avoidance of the fraudulent transfers, and its reasonable legal and paraprofessional fees, and court cost, as allowed by the contract.

## II.
## PARTIES

2. Plaintiff Jefferson at Young Circle, L.P. is a limited partnership formed in Delaware, with its principal place of business located at 600 E. Las Colinas Blvd., Suite 1800, Irving, Texas 75039. **Plaintiff is a citizen of the State of Texas, the State of Delaware, the Commonwealth of Virginia and the State of California as shown below.** The general partner of Plaintiff is Apartment Community Realty LLC ("ACR") and the sole limited partner of Plaintiff is JPI Lifestyle Apartment Communities, LP ("JPILAC"). ACR is a limited liability company formed in Delaware whose members are JPI Lifestyle Management, Inc. and JPILAC. JPI Lifestyle Management, Inc. is a corporation formed in Delaware with its principal place of business in Texas whose sole shareholder is JPILAC. JPILAC is a limited partnership formed in Delaware whose intermediary and ultimate owners are citizens of Texas, Delaware, California and Virginia. The general partner of JPILAC is JPI Lifestyle GP, LLC and the limited partners of JPILAC are JPI Lifestyle Interests, L.P. and Residential Ventures, L.P. Each of JPI Lifestyle GP, LLC and JPI Lifestyle Interests, L.P. is an entity formed in Delaware whose intermediary and ultimate owners are citizens of Texas, Delaware, California and Virginia. Residential Ventures, L.P. is a limited partnership formed in Delaware whose ultimate owner is General Electric Capital Corporation, a corporation formed in Delaware with its principal place of business located in Connecticut. The ultimate beneficial interest owners of JPILAC and, therefore, Plaintiff are (i) General Electric Capital Corporation, a Delaware corporation, (ii) RREEF Management Company, a Delaware corporation, (iii) the following Texas citizens: Robert D. Page; Ronald D. Ingram; Frank B. Schubert, Jr.; and the estate of J. Frank Miller, III, (iv) James A. Butz, a citizen of Virginia, and (v) Stephen Dominiak, a citizen of California.

3.      Defendant MCZ/Centrum Florida IV Owner, L.L.C. ("MCZ/Centrum") is a limited liability company formed in Illinois, with its principal place of business located at 1555 N. Sheffield Avenue, Chicago, Illinois 60622. **This Defendant is a citizen of the State of Illinois, the State of Florida, and the State of Tennessee as shown below.** Defendant MCZ/Centrum may be served through its registered agent, Mary B. Koberstein, 225 W. Hubbard St., 4th Floor, Chicago, Illinois 60610. The sole member of MCZ/Centrum Florida IV Owner, L.L.C. is MCZ/Centrum Jefferson, L.L.C., which is named below.

4.      Defendant MCZ/Centrum Jefferson, L.L.C. is a limited liability company formed in Illinois, with its principal place of business in Illinois. **This Defendant is a citizen of the State of Illinois, the State of Florida, and the State of Tennessee as shown below.** Defendant MCZ/Centrum Jefferson, L.L.C. may be served through its registered agent, Mary B. Koberstein, 225 W. Hubbard St., 4th Floor, Chicago, Illinois 60610. The two members of MCZ/Centrum Jefferson, L.L.C. are Centrum Florida IV, L.L.C. and MCZ Florida IV, L.L.C., which are named below.

5.      Defendant Centrum Florida IV, L.L.C. is a limited liability company formed in Illinois, with its principal place of business located in Illinois. **This Defendant is a citizen of the State of Illinois, the State of Florida, and the State of Tennessee as shown below.** Defendant Centrum Florida IV, L.L.C. may be served through its registered agent, Mary B. Koberstein, 225 W. Hubbard St., 4th Floor, Chicago, Illinois 60610. Upon information and belief, the ultimate owners of Centrum Florida IV, L.L.C. are individuals who are citizens of the State of Illinois, the State of Florida, and the State of Tennessee.

6. Defendant MCZ Florida IV, L.L.C. is a limited liability company formed in Illinois, with its principal place of business located in Illinois. **This Defendant is a citizen of the State of Illinois.** Defendant MCZ Florida IV, L.L.C. may be served through its registered agent, Susan L. Ghelerter, 1555 N. Sheffield, Chicago, Illinois 60622. Upon information and belief, the members of MCZ Florida IV, L.L.C. are individuals who are citizens of the State of Illinois.

### III.

### VENUE AND JURISDICTION

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a), because a substantial part of the acts and omissions giving rise to the claims asserted herein occurred in this judicial district, and in particular Defendants' principal places of business are in this judicial district. In addition, in Paragraph 7 of the Earnout Agreement, the parties submitted to the jurisdiction of this Court.

8. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a)(1) as the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between the parties.

### IV.
### FACTUAL BACKGROUND

### THE EARNOUT AGREEMENT BETWEEN THE PARTIES

9. Plaintiff and Defendant MCZ/Centrum entered into a particular Agreement of Sale and Purchase, dated November 2, 2004, by which Jefferson was the Seller and MCZ/Centrum was the Purchaser of a certain apartment complex located in the City of Hollywood, Florida, which improved real property was known at that time as Jefferson At

Young Circle ("Property"). Defendants have subsequently renamed the Property as "Regent Park."

10. On or about December 9, 2004, and as part of the valuable consideration for the closing of the purchase of the Property, Plaintiff and Defendant MCZ/Centrum entered into a particular Earnout Agreement, which is the subject of this lawsuit ("Earnout Agreement"). (A true and correct copy of the Earnout Agreement is attached hereto as **Exhibit A**.) The Earnout Agreement provides in pertinent part:

> At such time as Net Profits distributed to MCZ's members pursuant to the terms of the MCZ Operating Agreement ("Operating Agreement") equal $5,000,000, then MCZ shall pay to Jefferson from time to time twelve and one-half percent (12.5%) of all Net Profits arising thereafter. Each such payment to Jefferson shall be made in cash concurrently with each distribution to MCZ's members . . . . Notwithstanding anything herein to the contrary, 12.5% of all Net Profits in excess of $5,000,000 and not previously distributed to Jefferson shall be paid to Jefferson within forty-five (45) days following the closing date of the sale of the last condominium unit or other interest in the Property.

(Earnout Agreement, pp. 1-2, ¶2.)

11. As a matter of financial accountability to Jefferson under this payment obligation, MCZ/Centrum was required to provide particular financial information periodically to Jefferson. The Earnout Agreement provided in pertinent part:

> MCZ shall provide quarterly sales reports of the condominium units in the Property sold in the form customarily prepared by MCZ for its members or as otherwise reasonably requested by Jefferson. Additionally, MCZ shall provide financial statements, operating statements, tax returns and any other financial information reasonably requested by Jefferson and relating to the Net Profits to which Jefferson may be entitled and MCZ shall provide same within ten (10) Business Days following Jefferson's request therefor.

(Earnout Agreement p. 2, ¶4.)

**DEMAND UPON DEFENDANT**

12. On December 19, 2006, Jefferson made written demand upon MCZ/Centrum to promptly pay to Jefferson by check, all Net Profits due and owing to Jefferson and immediately

provide the appropriate quarterly sales reports in accordance with the terms of the Earnout Agreement. In addition, pursuant to Paragraph 4 of the Earnout Agreement, Jefferson also made demand that MCZ/Centrum provide within ten (10) business days the following: all financial statements; all operating statements; all tax returns; and a complete and final sales report relating to MCZ/Centrum's disposition of the condominium units located on the Property.

13. Despite these requirements, as imposed by the Earnout Agreement, and despite such demand, MCZ/Centrum has failed to make any payment of Net Profits to Jefferson.

14. After an ultimate demand dated July 5, 2007, MCZ/Centrum provided some financial statements and tax returns for the years 2004, 2005, and 2006 to Plaintiff. However, the provided documents were incomplete and did not include any sales reports related to the sale of the condominium units. The incomplete documents did, however, reveal that long ago, the Property passed the point at which the amount of $5,000,000 of Net Profits had been distributed to the other Defendants, and thus, the payment obligation to Jefferson had become ripe. Indeed, MCZ/Centrum has admitted that it distributed Net Profits to the other Defendants in violation of the Earnout Agreement.

## V.
## CAUSES OF ACTION

**Count 1 – Breach of Contract**

15. The factual allegations above are incorporated herein by reference.

16. Plaintiff and Defendant MCZ/Centrum entered into the Earnout Agreement dated December 9, 2004.

17. The Earnout Agreement was, and is, a valid and binding contract between Plaintiff and Defendant MCZ/Centrum.

18.　　Defendant MCZ/Centrum has materially breached the terms of the Earnout Agreement by, among other things: (a) failing to remit payment to Plaintiff equal to twelve and on-half percent (12.5%) of all Net Profits in excess of $5,000,000 concurrently with such distribution to Defendant MCZ/Centrum's members but no later then forty-five (45) days following the closing date of the sale of the last condominium unit or other interest in the Property; and (b) failing to provide the required complete financial documents, including the required sales reports addressed to the sale of condominium units within the Property.

19.　　As a direct and proximate result of Defendant MCZ/Centrum's material breach of its contractual obligations, Plaintiff has suffered significant and substantial damages in an amount that exceeds the jurisdictional limits of this Court.

20.　　As a result of Defendant MCZ/Centrum's breach, Plaintiff will be entitled to recover against Defendant MCZ/Centrum reasonable legal and paraprofessional fees and court cost at all trial and appellate levels, pursuant to Paragraph 9 of the Earnout Agreement.

**Count 2 – Violation of the Uniform Fraudulent Transfer Act**

21.　　The factual allegations above are incorporated herein by reference.

22.　　Defendant MCZ/Centrum made distributions of Net Profits to the other Defendants with actual intent to hinder, delay, or defraud Plaintiff. Defendant MCZ/Centrum intended or believed or reasonably should have believed that it would incur debts beyond its ability to pay as they became due or was engaged or was about to engage in a transaction for which its remaining assets were unreasonably small in relation to the transaction. Defendant MCZ/Centrum's actions constitute transfers fraudulent as to Plaintiff in violation of the Uniform Fraudulent Transfer Act, 740 ILCS 160/5.

23. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered significant and substantial damages in an amount that exceeds the jurisdictional limits of this Court.

24. The other Defendants, as constituent members of Defendant MCZ/Centrum, were the recipients of the fraudulent transfers and are insiders under the Uniform Fraudulent Transfer Act.

25. In addition to any damages recoverable against Defendant MCZ/Centrum, Plaintiff is also entitled to an avoidance of the transfer to the extent necessary to satisfy its claim, pursuant to Uniform Fraudulent Transfer Act, 740 ILCS 160/8(1).

## V.
## DEMAND FOR JURY TRIAL

26. Plaintiff hereby demands a trial by jury.

## VI.
## PRAYER

**WHEREFORE**, Plaintiff requests that upon summary judgment or trial, the Court enter a judgment allowing Plaintiff to recover from Defendants as follows:

1. Actual damages as will be proven;

2. An avoidance of the transfer to the extent necessary to satisfy its claim;

3. Preliminary and permanent injunctions prohibiting Defendants from distributing or otherwise transferring Net Profits from the Property;

4. Reasonable legal and paraprofessional fees and court costs at all trial and appellate levels, as allowed by the Earnout Agreement;

5. Pre-judgment and post-judgment interest as permitted by law; and

6. All the relief to which Plaintiff is justly entitled.

Dated: November 14, 2007.

        Respectfully submitted,

        /s/ Craig A. Albert
Craig A. Albert, TX Bar No. 00790076
Sarah J. Shadonix, TX Bar No. 24056392
McElree|Savage|Smith
600 N. Pearl Street, Suite 1600
Plaza of the Americas
Dallas, Texas 75201
Telephone: 214.953.1321
Facsimile: 214.953.0695


Martin J. Bishop, IL Bar No. 6269425
Foley & Lardner LLP
321 North Clark Street, Suite 2800
Chicago, IL 60610-4764
Telephone: 312.832.4500
Facsimile: 312.832.4700

**ATTORNEYS FOR PLAINTIFF,
JEFFERSON AT YOUNG CIRCLE, L.P.**


### CERTIFICATE OF SERVICE

This is to certify that on this 14th day of November, 2007, a true and correct copy of the foregoing has been electronically transmitted to the Clerk of Court using the ECF system of filing, which will transmit a Notice of Electronic Filing to counsel of record as follows:

<u>*Counsel for Defendants*</u>:
Michael Throff
Jeffrey D. Pilgrim
**Arnstein & Lehr, L.L.P.**
120 South Riverside Plaza, Suite 1200
Chicago, Illinois 60606
Telephone: 312.876.7138
Facsimile: 312.876.0288

                /s/ Craig A. Albert
                Craig A. Albert